FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 23 2005 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CESAR TORRES,

                Petitioner,

     -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM and ORDER**

01-CV-0099 (SLT)

**TOWNES, United States District Judge:**

Petitioner *pro se*, Cesar Torres, brings this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to "re-open" a July 29, 2001, judgment of this Court which denied petitioner's motion pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion is DENIED.

## BACKGROUND

On October 7, 1997, petitioner pled guilty under Fed. R. Crim. P. 11(e)(1)(C) to a single count of narcotics murder in violation of 21 U.S.C. § 848 (e)(1)(A). On January 23, 1998, the Honorable Reena Raggi sentenced petitioner to 360 months imprisonment. The Second Circuit summarily affirmed petitioner's conviction on October 25, 1999. *United States v. Torres*, 199 F.3d 1324 (1999).

On January 5, 2001, petitioner filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence. Petitioner principally contended that, in calculating his sentence, the Court had erred by adding four points for his role in the offense pursuant to U.S.S.G. § 3B1. Petitioner argued that Application Note 1 to § 2D1 stated that § 3B was inapplicable to his case, and that defense counsel provided ineffective assistance in failing to object to this enhancement.

By order dated June 29, 2001, Judge Raggi denied this motion. First, relying on *Pollack v. Hobbs*, 98 F.Supp. 287 (E.D.N.Y. 2000), Judge Raggi held that petitioner, by his plea agreement, had "effectively waive[d] his ability to raise a direct or collateral challenge" to a sentence that was within the bargained-for range. Second, Judge Raggi noted that U.S.S.G. § 2A1, not § 2D1, governed convictions under 21 U.S.C. § 848(e)(1)(A). The Application Note to § 2D1 was therefore inapplicable to petitioner's case, and petitioner's trial counsel had not been "constitutionally ineffective" in failing to challenge the enhancement.

Judge Raggi also noted, *inter alia*, that "even if [petitioner's] guidelines had not been calculated with a 4-point role enhancement, his range would have been . . . the exact range bargained for in his [Rule] 11(e)(1)(C) agreement." Judge Raggi explained that she had downwardly departed from the range prescribed by the sentencing guidelines in order to accept the negotiated plea, and would not have departed had the guidelines prescribed a sentence within the negotiated range.

Petitioner appealed Judge Raggi's ruling. By mandate issued February 28, 2002, the Second Circuit denied petitioner a certificate of appealability and dismissed petitioner's appeal. The Second Circuit's mandate stated that petitioner had not made a "substantial showing of the denial of a constitutional right." *Torres v. United States*, No. 01-2494 (2d Cir. Feb. 28, 2002).

On January 5, 2006 – almost four years after the Second Circuit dismissed his appeal and more than four and one-half years after Judge Raggi denied his § 2255 motion – petitioner filed the instant "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(1-6)" (hereinafter, "Petitioner's Motion"). This motion principally advances new challenges to the role enhancement pursuant to U.S.S.G. §3B1. The motion argues, *inter alia*, that the indictment was

2

defective in that it "did not put the [petitioner] on notice that a general § 848 count differed from a § 848(e) count, in that a general count included in it as an element . . . leader/organizer . . . and § 848(e) did not." Petitioner's Motion at 3. In addition, the motion asserts that "the criteria for § 3B1.1(a) was never met" because petitioner "acted alone and outside of his organization" in ordering the murder of a man who posed a threat to petitioner and not to the organization. *Id.* at 3-4. The motion does not, however, mention Judge Raggi's determination that petitioner's sentence would not have been affected by elimination of the role enhancement.

## DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, ___U.S.___, 125 S.Ct. 2641, 2645 (2005). "Relief under Rule 60(b) is limited to one of the six grounds specified in the rule . . . ." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 8-9 (2d Cir. 1987). These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Clause (6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1) - (5) . . . ." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

All motions pursuant to Rule 60(b) must be filed "within a reasonable time." Fed. R. Civ. P. 60(b); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001). Moreover, Rule 60(b)

3

specifically provides that motions made under clauses (1), (2) or (3) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Petitioner does not specify the clause on which he relies, characterizing this as a motion pursuant to "Rule 60(b)(1-6)." *See, e.g.,* Petitioner's Motion at 2. However, regardless of the clause on which petitioner relies, this motion is untimely. If this motion is brought pursuant to Rule 60(b)(1), (2) or (3), it is untimely because it was not filed within one year of the entry of Judge Raggi's June 29, 2001, judgment denying petitioner's § 2255 motion. *See* Fed. R. Civ. P. 60(b). If this motion is brought pursuant to clauses (4), (5) or (6), it would still be untimely because it was not brought within a "reasonable time." The Second Circuit has expressly held that even three and one-half years is not a reasonable time, *Rodriguez*, 252 F.3d at 201, and this motion was brought more than four and one-half years after Judge Raggi entered judgment.

Even assuming the motion were timely, this Court would deny it because it is utterly without merit. First, despite petitioner's assertion that Judge Raggi "misunderstood the actual argument" petitioner sought to raise, Petitioner's Motion at 5, the issues raised in the instant motion were not contained in petitioner's original § 2255 motion. These were not issues which Judge Raggi overlooked, and cannot serve as the basis for a Rule 60(b) motion. Second, even if petitioner's new challenges to the 4-point role enhancement were meritorious – which they do not appear to be – the elimination of this enhancement would not change petitioner's sentence for the reasons explained in Judge Raggi's June 29, 2001, order.[1]

---

[1] Although this Court recognizes that *pro se* Rule 60(b) motions sometimes contain imbedded habeas "claims," *see Gonzalez*, 125 S.Ct. at 2647, this Court does not view petitioner's motion as raising any constitutional claims. Moreover, as Judge Raggi held in her June 29, 2001, order, petitioner's plea agreement effectively waived collateral challenges to his sentence. Accordingly, this Court will not *sua sponte* construe this motion as a "second or successive" § 2255 motion. If petitioner wishes to file such a motion, he must first request permission to file it from the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See* 28 U.S.C. § 2255.

## CONCLUSION

Petitioner's motion pursuant to Fed. R. Civ. P. 60(b) to "re-open" his § 2255 motion is, therefore, DENIED.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
February 14, 2006